UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DEVRIL DAYE,

        Plaintiff,        **COMPLAINT**

   -against-         **PLAINTIFF DEMANDS**
                 **TRIAL  BY  JURY**

LONG ISLAND RAILROAD COMPANY,

        Defendant.
---------------------------------------------------------------X

  Plaintiff, by his attorney, Fredric M. Gold, complaining of the defendant, respectfully shows to this Court and alleges:

1. This action arises under the Federal Employers' Liability Act (45 USC §5l, et seq.).

2. Upon information and belief and at all times herein mentioned, the defendant was a public benefit corporation organized and existing under and by virtue of the laws of the State of New York.

3. Upon information and belief and at all times herein mentioned, and with regard to the provisions of 45 USC §56, the defendant has been and still is doing business throughout the Counties of New York, Queens, Kings, Nassau and Suffolk, State of New York, within the jurisdiction of this Court and in various other states and having its principal place of business within the jurisdiction of this Court.

4. Upon information and belief and at all times hereinafter mentioned, the plaintiff resided at 7 Whitney Lane in Coram, in the County of Suffolk, State of New York, and within the jurisdiction of this Court.

5. At all times herein mentioned, the defendant was and still is a common carrier by rail engaged in interstate commerce between different states in the United States.

6. That prior to August 15, 2023 and at all times hereinafter mentioned the defendant employed the plaintiff as Conductor, under its direction, supervision and control and in furtherance of its business in interstate commerce.

7. That on, and for many years prior to August 15, 2023 the defendant, owned, operated,

maintained, managed, leased and/or controlled certain railroad property, more specifically the Oyster Bay Yard, Nassau County, New York, which included the station, the yard, shops, ticket office, buildings, structures, premises, grounds, tracks, platforms, walkways rails, switches, sidings, train cars, roadbeds and appurtenances thereto, over through and upon which the defendant operated its engines, trains and cars under its direction and control.

8. That the defendant was under a duty to inspect, maintain and the plaintiff's work place aforementioned in a safe condition and free from any and all hazards, as well as a duty to provide the plaintiff with a safe work place and/or safe tools, equipment and/or personnel with which to work.

9. That on or about August 15, 2023, while the plaintiff, as an employee of the defendant, was in the performance of his duties as a Conductor at the Oyster Bay Yard at approximately 7:00 pm he was caused to sustain severe and disabling injuries as a result of the negligence, carelessness and recklessness of the defendant in failing to provide him with a safe place to work and/or safe tools, equipment and/or personnel with which to work, as hereinafter set forth.

10. That on or about August 12, 2023 at approximately 7:00 pm as the plaintiff was climbing down from a train in the Oyster Bay Yard he was caused to trip and fall on a muddy, slippery pothole thus sustaining sustain severe injuries to his left hip, lower back and head amongst other related injuries.

11. That the said accident and resulting injuries to the plaintiff were caused solely by reason of the negligence, carelessness and recklessness of the defendant, its agents, servants and/or employees' in failing to exercise due care and diligence; in failing to provide plaintiff with a safe place to work and/or safe tools, equipment and/or personnel with which to work; in failing to promulgate safety rules and procedures for activities carried out by their personnel at the aforesaid place; in failing to warn plaintiff of the existence of the dangers involved in the performance of his duties as a Conductor; in failing to inspect and maintain the Oyster Bay Yard in question in a safe and hazard free manner; in failing to have procedures in place to inspect and maintain the Oyster Bay Yard; in failing to repair the pothole in question in the Oyster Bay Yard even after having sufficient notice and

time to the same;  in failing to provide the plaintiff with the safe premises in which to work; in failing to make proper and adequate provisions for the safety of plaintiff; in that the defendant failed to promulgate and enforce proper and safe rules for the safe conduct of the work operations of the railroad and the defendant was otherwise generally negligent under the circumstances.

12.     That the said injuries were incurred while the plaintiff was acting in furtherance of interstate commerce, or in work substantially affecting the same.

13.     That the plaintiff, was damaged thereby in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), and within the jurisdiction of this Court.

WHEREFORE, plaintiff demands judgment against the defendant LONG ISLAND RAILROAD COMPANY, in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS in the together with the costs and disbursements of this action.

Dated: New York, New York
        August 12, 2026

Fredric M. Gold PC
Attorney for Plaintiff

*Fredric M. Gold*

By:  Fredric M. Gold
450 Seventh Ave., Ste 705
New York, NY 10123
212.244.2740
fredricmgold@verizon.net